UNITED STATES of America,
Appellee,

v.

John CABOT, Defendant–Appellant.

Docket No. 02–1137.

United States Court of Appeals,
Second Circuit.

Argued: Oct. 24, 2002.

Decided: April 7, 2003.

David V. Kirby, U.S. Attorney's Office District of Vermont, Burlington, VT, for the Appellee.

Elizabeth D. Mann, Federal Public Defender, Burlington, VT, for the Defendant–Appellant.

Before: VAN GRAAFEILAND, JACOBS, CABRANES.

VAN GRAAFEILAND, Senior Circuit Judge.

■ On August 27, 2001, in the United States District Court for the District of Vermont, John Cabot pled guilty to a charge of persuading a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, in violation of 18 U.S.C. §§ 2251(a) and 2251(d). He now challenges several of the conditions governing the three-year term of supervised release that will follow the 130–month term of imprisonment imposed on February 4, 2002, by Chief Judge J. Garvan Murtha of the Vermont Court. His challenges are addressed to the following conditions:

> The defendant shall neither possess nor have under his control any "matter" that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of eighteen. This includes but is not limited to any "matter" obtained through access to any computer or any material linked to computer access or use.

> The defendant shall not possess or use a computer or any other device with the ability to access the internet at any location (including employment) without the prior approval of the probation officer. Any approval by the probation officer shall be subject to any conditions set by the probation officer with respect to that approval.

■ Because Cabot's conditional freedom will hinge upon his compliance with the conditions prescribed, they must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). It has been further stated that a "probationer cannot reasonably understand what is encompassed by a blanket prohibition on pornography." *United States v. Guagliardo,* 278 F.3d 868, 872 (9th Cir.2002) (citing *United States v. Loy,* 237 F.3d 251, 253 (3d Cir.2001)). "One man's pornography may be another's keepsake." *Giano v. Senkowski,* 54 F.3d 1050, 1056 (2d Cir.1995).

The foregoing notwithstanding, the condition prohibiting Cabot from possessing pornographic matter provides him with notice of the prohibition that is adequate, in view of (I) a defendant's diminished due process rights during supervised release, *see United States v. Knights,* 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001); *United States v. Reyes,* 283 F.3d 446, 460 (2nd Cir.2002), and (ii) his conviction for the production of "child *pornography* " under a statutory scheme that defines that term, *see* 18 U.S.C. §§ 2256(2) & (8). *See also United States v. Bee,* 162 F.3d 1232, 1234–35 (9th Cir.1998) (upholding condition of supervised release prohibiting possession of sexually oriented materials where defendant pled guilty to abusive sexual conduct involving six-year-old girl). Indeed, in the plea agreement which gave rise to the instant litigation, Cabot, with the advice and approval of competent counsel, pled guilty to the count in the indictment charging him with the production of child pornography. Judge Murtha's condition prohibiting Cabot from possessing "any 'matter' that is pornographic" puts Cabot on reasonable notice of what he may lawfully possess. "A sentencing court may order a special condition of supervised release that is 'reasonably related' to several of the statutory factors governing the selection of sentences, 'involves no greater deprivation of liberty than is reasonably

necessary' for several statutory purposes of sentencing, and is consistent with Sentencing Commission policy statements." *United States v. Sofsky,* 287 F.3d 122, 126 (2d Cir.2002) (quoting 18 U.S.C. § 3583(d)).

■ Cabot also contends that the prohibitions against his possessing matter that "depicts or alludes to sexual activity" or that "depicts minors under the age of eighteen" are too broad. At the same time, he challenges the prohibition against internet usage as impermissibly restrictive, relying on our recent decision in *Sofsky,* which held that a condition of supervised release that prohibited a defendant from accessing computer and internet without the approval of a probation officer caused greater deprivation than was reasonably necessary. *Id.*

The government concedes merit in these other arguments. Specifically, it agrees that the restrictions against possession of any matters depicting "sexual activity" or "minors" are excessive in scope, and that the outright ban on unapproved internet access cannot stand post-*Sofsky.*

We affirm that portion of the district court's conditions forbidding possession of pornographic matter, but vacate and remand for future consideration those portions that prohibit Cabot from possessing matters that depict or allude to "sexual activity" or which depict minors under the age of eighteen.