12-5012-cr
*United States v. McGeoch*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

        v.                         No. 12-5012-cr

JONATHAN MCGEOCH,

    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR JONATHAN MCGEOCH:** | Molly Corbett, Research and Writing Specialist, *for* Lisa Peebles, Federal Public Defender, Albany, NY |
| **FOR APPELLEE:** | Lisa M. Fletcher, Elizabeth S. Riker, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney, United States Attorney's Office for the Northern District of New York, Syracuse, NY. |

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's December 7, 2012 judgment is **AFFIRMED** in part and **REMANDED** for resentencing with respect to Special Condition No. 1.

Defendant Jonathan McGeoch appeals the judgment of the District Court sentencing him to 151 months' imprisonment followed by twenty years supervised release with certain special conditions. McGeoch contends that the District Court erred by (1) adding five offense levels to his guidelines range pursuant to U.S.S.G. § 4B1.5(b) for engaging in a pattern of prohibited sexual conduct; and (2) imposing a special condition prohibiting unsupervised contact with individuals under the age of 18, which impinges on McGeoch's fundamental right to have contact with his two minor sons. We assume familiarity with the underlying facts and procedural history of this case, and repeat only those portions necessary to the resolution of this appeal.

## BACKGROUND

On November 9, 2011, McGeoch was indicted on the charge of using a facility of interstate commerce to persuade and attempt to persuade a 15-year-old child, and a person he believed to be a 13-year-old child, to engage in illicit sexual activity in violation of 18 U.S.C. § 2422(b).

The charge was based on the following facts, which McGeoch has not disputed. In August 2011, McGeoch, an army sergeant stationed in Afghanistan, made contact with a boy whom he knew to be 15 years old ("V-1") using a Facebook account in the name "Jake Johnson." McGeoch engaged in sexual chats with V-1, made a plan to go camping and engage in sexual conduct with V-1, and emailed V-1 a picture of his penis. V-1's mother discovered the chats and notified the authorities. She gave the authorities permission to take over V-1's Facebook account and to continue chatting with McGeoch using V-1's identity. The authorities introduced a fictitious 13-year-old boy ("V-2") into the plans for the camping trip. McGeoch engaged in sexually explicit chats with both V-1 and V-2 whom he believed to be two minor children. McGeoch arranged to meet the two boys for a camping trip on September 16, 2011, upon his return from Afghanistan. McGeoch was arrested when he arrived at the agreed-upon meeting point for the camping trip. Lubricant and condoms were found his vehicle. Following his indictment, McGeoch pleaded guilty without a plea agreement to the charges.

A conviction for violation of § 2422(b) carries a statutory maximum term of life imprisonment and a mandatory minimum term of ten years imprisonment. The pre-sentence investigation report ("PSR"), prepared by the United States Probation Office, calculated McGeoch's

offense level at 34 with a corresponding criminal history category I.  The resulting advisory guidelines range was 151 to 188 months.  On December 5, 2012, the District Court sentenced McGeoch to 151 months' imprisonment, to be followed by twenty years of supervised release with special conditions.  One condition ("Special Condition No. 1")[1] provides that McGeoch "shall not have any direct contact [or indirect contact through another person or a device] with a person under the age of 18 unless it is supervised by a person approved of by the probation officer."  Counsel for McGeoch objected to the five-level enhancement pursuant to U.S.S.G. § 4B1.5(b) based on "a pattern of activity involving prohibited sexual conduct."  The District Court asked McGeoch to review the special conditions of supervised release with his counsel and acknowledge understanding of those conditions.  No objection was made to the conditions of supervised release.

Judgment was entered on December 7, 2012, and McGeoch appealed the same day.

## DISCUSSION

### A.  Appeal of the Five-Level Upward Adjustment

On appeal, McGeoch argues that the District Court erred in adding five offense levels to his guidelines range pursuant to U.S.S.G. § 4B1.5(b), based on "a pattern of activity involving prohibited sexual conduct," because the record does not establish that "'on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.'"  Appellant Br. at 12 (quoting U.S.S.G. § 4B1.5 cmt. 4(B)(i)).  We review a district court's legal interpretation of the Sentencing Guidelines *de novo*, and its related factual findings for clear error.  *United States v. Mi Sun Cho*, 713 F.3d 716, 722 (2d Cir. 2013).

Application Note 4 of Guidelines section 4B1.5 provides that "[a]n occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion."  U.S.S.G. § 4B1.5 cmt. 4(B)(ii).  "Prohibited sexual conduct" includes, *inter alia*, an offense under 18 U.S.C. § 2422(b)—McGeoch's statute of conviction—and an offense under 18 U.S.C. § 2551 which addresses production and attempted production of child pornography.  *See* U.S.S.G. § 4B1.5 cmt. 4(A).  Trafficking in, or mere receipt or possession of, child pornography does not constitute prohibited sexual conduct for purposes of § 4B1.5(b).  *See id.*

Upon review of the record, we agree with the District Court that McGeoch engaged in "prohibited sexual conduct" on "at least two separate occasions."  The offense of conviction may

---

[1]  In the sentencing transcript, this condition is noted as Special Condition No. 2, but in the Judgment it is referenced as "No. 1" and we refer to it as such here.

provide proof of one of the requisite two separate occasions of "prohibited sexual conduct." *United States v. Broxmeyer*, 616 F.3d 120, 124 (2d Cir. 2010). As additional occasions, the District Court cited the contact with the purported 13-year-old victim (as distinct from the 15-year-old) and the fact that McGeoch "used internet accounts [over a period of four to five years] to get [approximately ten] young boys between ages of 11 to 14 to send him pictures of their erect penises."

McGeoch argues that his conduct with respect to the ten boys does not establish that he engaged in production, as opposed to mere receipt of child pornography, because there is no evidence that the pictures were created at McGeoch's request. To the contrary, we think the District Court had ample basis for finding that McGeoch caused or attempted to cause the production of child pornography. McGeoch conceded that he "convinced around 10 minors to send him pictures of their erect penises." App'x 108 (stating no objection to the facts in the PSR). It is implausible that ten minor boys took and transmitted photos of their erect penises to McGeoch without his solicitation, particularly in light of the substance of McGeoch's chats with V-1 and V-2.[2] Consequently, the District Court did not err in applying an increase of five offense levels pursuant to § 4B1.5(b).[3]

### B. Appeal of Special Condition No. 1 of Supervised Release

McGeoch has two sons who, at the time of his projected release, will be 14 and 12 years old, respectively. On appeal, McGeoch argues that Special Condition No. 1, which prohibits him from having direct or indirect contact with anyone under the age of 18 unless supervised by an individual approved by his probation officer unreasonably infringes upon his rights as a parent, and was imposed without a specific finding that such measures were necessary. Appellant Br. at 17.

The Government argues that McGeoch waived his right to appeal Special Condition No. 1 because, after McGeoch had the opportunity to review (for the first time) the conditions of supervised release, the District Court stated: "Mr. McGeoch, is that right, you've seen those special conditions there and you understand that you're going to have to abide by them as part of your term of supervised release . . . ?" App'x 129. McGeoch responded in the affirmative. *Id.* While McGeoch's response may be interpreted as registering consent to the conditions of supervised release, we cannot conclude that it constituted a knowing and voluntary waiver of any right to challenge a specific condition, as opposed to a mere oversight, such that McGeoch should be

---

[2] These facts are even stronger than those in *Broxmeyer*, which involved defendant's solicitation of sexually explicit images from a 17-year-old. Yet in that case we concluded that "Broxmeyer's procurement of a sexually suggestive, albeit not sexually explicit, image of K.T. sufficed to prove him guilty of attempt[ed production]." *Broxmeyer*, 699 F.3d at 282.

[3] Because we are satisfied that the uncharged conduct with respect to the ten minors meets the requirements for a pattern of prohibited sexual conduct, we need not address whether McGeoch's solicitation of the 13-year-old (V-2) constitutes a separate act of prohibited sexual conduct from the solicitation of the 15-year-old such that the charged conduct alone would satisfy the requirements of U.S.S.G. § 4B1.5(b).

foreclosed from raising the issue on appeal. McGeoch's counsel did not affirmatively state that there was no objection to Special Condition No. 1; McGeoch simply acknowledged that he was bound by the terms of supervised release generally, after reviewing them briefly and having just received a 12-year prison sentence. *Cf. United States v. Wellington*, 417 F.3d 284, 289-90 (2d Cir. 2005) (claim waived where, for tactical reasons, defendant made no objection in the district court and his counsel affirmatively represented that he would forego those rights). We therefore conclude that McGeoch did not waive his right to challenge Special Condition No. 1.

We review the sentencing court's exercise of its broad discretion in setting conditions of supervised release for abuse of that discretion. *United States v. Bello*, 310 F.3d 56, 59 (2d Cir. 2002). "An erroneous view of the law or a clearly erroneous assessment of the evidence" constitutes an abuse of discretion. *Id.* (internal quotation marks omitted). *See also United States v. Batista*, 684 F.3d 333, 341 (2d Cir. 2012) *cert. denied,* 133 S. Ct. 1458 (2013) ("An argument forfeited by the defendant may still be reviewed according to a plain error standard"). A condition of supervised release that prevents a father from seeing his children outside the presence of an approved monitor is a severe one subject to careful scrutiny. *See Bello*, 310 F.3d at 59 ("we carefully scrutinize unusual and severe conditions" (internal quotation marks omitted)); *see also United States v. Reeves*, 591 F.3d 77, 82-83 (2d Cir. 2010) ("Where a condition of supervised release impairs a protected associational interest, our application of § 3583(d) requirements must reflect the heightened constitutional concerns involved").[4]

The District Court failed to acknowledge the effect Special Condition No. 1 would have on McGeoch's relationship with his own children much less articulate why such a severe intrusion on the fundamental right to familial association was necessary under the circumstances. *See Lehr v. Robertson*, 463 U.S. 248, 261 (1983) (noting that an individual's "interest in personal contact with his child acquires substantial protection under the due process clause*"*). Here, there is evidence in the record indicating that oversight of McGeoch's relationship with his sons is warranted. The District Court specifically explained that an "aggravating factor" at sentencing was that McGeoch had planned to bring his then 4-year-old son on the camping trip at which he had arranged to meet V1 and V2, "as a cover or excuse for [the] liaison." App'x 124. Moreover, at the time of McGeoch's release, his sons will be in exactly the age range that he has admitted being attracted to. Absent an individualized inquiry into whether McGeoch's sexual proclivities pose a threat to his sons, however*,* the imposition of a harsh condition of supervised release that either prohibits interaction with his children or makes such interaction subject to supervision by a person approved of by the probation officer violates McGeoch's due process rights. *See United States v. Wolf Child*, 699 F.3d 1082, 1092-93 (9th Cir. 2012) (holding that application of special condition prohibiting contact with minors to

---

[4] Section 3583 states that "release conditions must, among other things, be reasonably related to certain prescribed sentencing factors and involve no greater deprivation of liberty than is reasonably necessary to achieve the purposes of sentencing." *Reeves*, 591 F.3d at 80 (internal alterations and quotation marks omitted).

defendants' immediate family without an individualized inquiry infringed on defendant's due process rights). While we take no position on whether this harsh application of Special Condition No. 1 is warranted under the circumstances, if the District Court intends this result, it must, after providing McGeoch with an opportunity to be heard, make specific findings to justify such a condition. Accordingly, we remand the case to the District Court for resentencing only with respect to Special Condition No. 1.

## CONCLUSION

For the reasons stated above, we **AFFIRM** in part the District Court's December 7, 2012 sentence of 151 months' imprisonment, to be followed by twenty years of supervised release, and **REMAND** with instructions that the District Court address the application of Special Condition No. 1 to McGeoch's sons.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

6