12-4570-cr
*United States v. Lombardo*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand thirteen.

PRESENT:

DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                                          No. 12-4570-cr

MARCUS LOMBARDO,

*Defendant-Appellant*.

_____

BRENDA K. SANNES, PAULA RYAN CONAN, ASSISTANT UNITED STATES ATTORNEYS, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee*.

TIMOTHY E. AUSTIN, ASSISTANT FEDERAL PUBLIC DEFENDER, MOLLY KATHLEEN CORBETT, Albany, NY, *for Defendant-Appellant*.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the November 9, 2012 judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED**.

Defendant-Appellant Marcus Lombardo ("Lombardo") pleaded guilty to two counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A), 2252A(b)(2), and one count of commission of a felony offense while on pretrial release in violation of 18 U.S.C. § 3147(1). The district court sentenced Lombardo to a total of 85 months' imprisonment to be followed by a life term of supervised release. Lombardo appeals that part of his sentence which prohibits him, as a condition of supervised release, from viewing, possessing, owning, subscribing to or purchasing any material that depicts sexually explicit conduct as defined by 18 U.S.C. § 2256(2).[1] He also challenges the district court's imposition of a life term of

---

[1] 18 U.S.C. § 2256(2) provides in relevant part as follows:

(A) Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated—
   (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
   (ii) bestiality;
   (iii) masturbation;
   (iv) sadistic or masochistic abuse; or
   (v) lascivious exhibition of the genitals or pubic area of any person;
(B) For purposes of subsection 8(B) of this section, "sexually explicit conduct" means—
   (i) graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same sex or opposite sex, or lascivious simulated sexual intercourse where the genitals, breasts, or pubic area of any person is exhibited;

supervised release on Count Two of the Information. We assume the parties' familiarity with the facts and procedural history.

**I. Condition restricting access to materials depicting "sexually explicit conduct"**

While we generally review the district court's imposition of a condition of supervised release for abuse of discretion, *see, e.g.*, *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008), where, as here, a defendant fails to raise his challenge before the district court, we review for plain error, *see, e.g.*, *United States v. Dupes*, 513 F.3d 338, 342-43 (2d Cir. 2008). "A sentencing court may impose special conditions of supervised release that are 'reasonably related' to certain statutory factors governing sentencing, involve [ ] no greater deprivation of liberty than is reasonably necessary[ ] to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *Gill*, 523 F.3d at 109 (citations omitted).

Lombardo challenges the condition of supervised release restricting his access to materials depicting "sexually explicit conduct" on several grounds including, *inter alia*, that it involves a greater deprivation of liberty than is reasonably necessary to serve the sentencing factors, that the district court did not make sufficient factual findings to impose such a condition, and that the condition violates his First Amendment rights. We conclude that his arguments are unavailing.

At the start, we reject Lombardo's contention that a ban on his access to sexually explicit material depicting adults is not reasonably related to the offense of conviction. There is ample

---

(ii) graphic or lascivious simulated;
    (I) bestiality;
    (II) masturbation; or
    (III) sadistic or masochistic abuse; or
(iii) graphic or simulated lascivious exhibition of the genitals or pubic area of any person.

evidence in the record to support the district court's conclusion that "the defendant clearly has a problem with pornography addiction," which influenced his criminal acts. Accordingly, the challenged condition reasonably relates to the nature and circumstances of Lombardo's offense, the need to deter criminal conduct, and the need to protect the community from further crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(B)-(C); *Farrell v. Burke*, 449 F.3d 470, 497 (2d Cir. 2006) ("[M]ost regulations of [a convicted sex offender's] possession of sexual material would be 'reasonably and necessarily related to the Government's legitimate interests in the parolee's activities.'"). Further, the challenged condition does not impose a greater deprivation than is reasonably necessary under the circumstances, *see United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006) (noting that the "conditional liberty" of supervised release may include "a prohibition against possession of pornographic matter"), and adequately is supported by the district court's factual determination regarding Lombardo's addiction.

We also conclude that Lombardo's argument that the ban impinged on his First Amendment rights is without merit. As an initial matter, "the First Amendment rights of parolees are circumscribed." *Farrell*, 449 F.3d at 497. To the extent we have suggested that a complete ban on the possession of "matters that depict or allude to 'sexual activity'" may be overbroad in some circumstances, *United States v. Cabot*, 325 F.3d 384, 386 (2d Cir. 2003), the proscription regarding depictions of "sexually explicit conduct," as defined by 18 U.S.C. § 2256(2), is narrower than an absolute ban and more precise, *see United States v. Simmons*, 343 F.3d 71, 82-83 (2d Cir. 2003). We can discern no plain error in the district court's determination that such a proscription is appropriate in the circumstances here. Accordingly, we affirm the district court's imposition of this supervised release condition.

4

**II. Life term of supervised release**

The district court imposed a term of supervised release "for a term of life on each count to run concurrently." Lombardo next contends that the district court committed plain error in imposing a life term of supervised release for his violation of 18 U.S.C. § 3147(1), which prohibits commission of a felony offense while on pretrial release. We agree. A court may impose a term of supervised release of "no more than three years" for violation of 18 U.S.C. § 3147(1). *See* 18 U.S.C. §§ 3583 (b)(2), 3559. Accordingly, we vacate the condition of supervised release as to Count Two of the Information and remand with directions to amend the term of supervised release consistent with this summary order.

We have reviewed Lombardo's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court imposing a life term of supervised release on Count Two is **VACATED** and **REMANDED** for further proceedings. In every other respect, the sentence imposed by the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5