21-3080-cr
*United States v. Hennelly*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-two.

PRESENT:
> GUIDO CALBRESI,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                                              21-3080-cr

Cameron Hennelly,

> *Defendant-Appellant*.

---

FOR APPELLEE:                          Paul D. Silver, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

FOR DEFENDANT-APPELLANT:    Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Cameron Hennelly appeals from a judgment of the district court, entered on December 10, 2021. Hennelly's sole challenge on appeal is to the special condition of supervised release imposed as part of his sentence, which prohibits him from viewing adult pornography. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On July 22, 2021, Hennelly waived his right to indictment and, without a plea agreement, entered a guilty plea to both counts of an information charging him with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count One), and with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two). Count Two specifically charged that the "violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2)." App'x at 11.

On December 10, 2021, the district court sentenced Hennelly principally to a below-Guidelines total term of imprisonment of 108 months, to be followed by a twenty-year term of supervised release. With respect to the supervised release, the district court imposed, *inter alia*, a special condition prohibiting Hennelly from viewing or possessing sexually explicit material, as

defined in 18 U.S.C. § 2256(2) ("Special Condition #8").[1]  On appeal, Hennelly argues that "[b]ecause this special condition bears no relation to any relevant sentencing factors and deprives [him] of greater liberty than is reasonably necessary, this Court should remove the condition or remand for further findings."  Appellant's Br. at 13.

We generally review the imposition of a special condition of supervised release for abuse of discretion.  *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008).  However, because Hennelly did not object to the imposition of the special condition at sentencing, we review for plain error.[2]  *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007).  Under the plain error standard, we consider whether:  "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (quoting *United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013)).

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  In imposing a special condition, "[a] district court is required to make an individualized assessment . . . and to state on the record the

---

[1]  Special Condition #8 provides that, "[w]hile in treatment and for the remainder of the term of supervision following completion of treatment, [Hennelly] must not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)."  App'x at 106.

[2]  We note that there is no basis to relax the plain error standard here because Hennelly was neither deprived of an opportunity to object to the special condition in the district court, *see United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010), nor is the imposition of a condition of supervised release precluding access to adult pornography novel or complex, *see United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

reason for imposing it; the failure to do so is error." *Id.* However, even when the district court does not provide such an explanation, the condition at issue may be upheld "if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks and citation omitted).

As a ban on accessing legal pornography implicates a First Amendment right, a special condition of supervised release limiting such access is subject to "a more searching review." *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019). A reviewing court must examine if the related condition is "unusual and severe," if it is "reasonably related to the relevant sentencing factors," and if it "involve[s] a greater deprivation of liberty than is reasonably necessary." *Id.* at 94–95; *see also United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006) (holding that individuals on supervised release are subject to "conditional liberty" that may include a prohibition on the possession of adult pornography (citing *United States v. Cabot*, 325 F.3d 384, 385 (2d Cir. 2003))). In applying these legal principles, we "routinely reject[] bans on possession of adult pornography as a condition of supervised release where the district court failed adequately to connect the need for that condition to the defendant's likelihood of recidivism or to another sentencing factor." *Eaglin*, 913 F.3d at 99.

Here, the district court did not plainly err in limiting Hennelly's access to adult pornography for the term of his supervised release. The district court made the requisite individualized assessment before imposing the special condition and explained how it was reasonably related to the statutory sentencing factors. In particular, the district court stated, *inter alia*, that "allowing [Hennelly] to continue to have exposure to any form of pornography while on supervised release may be contradictory to his rehabilitation and may lend [sic] to high risk behavior, continuing sexual deviance, unreasonable expectations in sexual relationships, and

4

encourage intimacy deficits, thus impeding [his] rehabilitation." App'x at 98. The district court made that individualized finding after an explanation of the seriousness of Hennelly's offense conduct, including the nature of the child pornography he possessed, as well as his internet communications with an undercover officer whom Hennelly believed was a father abusing his minor daughter and whom Hennelly sent a video containing child pornography. Hennelly also requested that this person he thought was abusing his daughter provide pictures of him engaged in sexual conduct with the daughter. Furthermore, as noted in the Pre-Sentence Report, a search of Hennelly's cell phone by law enforcement revealed that he had numerous images and videos of adult pornography saved on the phone along with seven videos containing child pornography. Hennelly also admitted to law enforcement officials during an interview that, in addition to the conversations with the undercover officer, he had separate conversations with another individual who was abusing his daughter in a chat room for adult humor.

The record demonstrates there was a sufficient basis for the district court to conclude that the special condition regarding the prohibition on adult pornography was reasonably related to the Section 3553(a) factors, including protecting the public by reducing Hennelly's risk of recidivism and facilitating his rehabilitation. *See, e.g.*, *United States v. Simmons*, 343 F.3d 72, 82 (2d Cir. 2003) (affirming a similar condition where the district court "conclude[d] that there was a connection between [the defendant's] viewing and possessing sexually explicit material and his criminal behavior"); *see also United States v. Seeley*, No. 19-4320, 2021 WL 5049457, at *5 (2d Cir. Nov. 1, 2021) (summary order) (affirming a similar condition where the defendant possessed

5

both adult and child pornography and the district court expressed concern that future exposure to adult pornography could lead to "high risk behavior").[3]

The district court's focus on ensuring that Hennelly's special conditions were tailored to address the Section 3533(a) factors, while avoiding any unnecessary interference with Hennelly's rights, is further demonstrated by its modification at sentencing of the proposed language for a separate special condition (relating to the prohibition on contact with minors) to allow for Hennelly to have supervised visits with his children. The district court also observed that the special conditions are "subject to change over time based on a defendant's behavior and how they're doing on supervised release," and Hennelly is "certainly always able to [return] to the Court and request that the Court consider amending or doing away with completely certain conditions." App'x at 88.

In sum, we conclude that the district court did not plainly err in the imposition of Special Condition #8 prohibiting Hennelly's access to adult pornography.

\* \* \*

---

[3] The district court also mentioned administrative convenience as a ground for prohibiting Hennelly's access to adult pornography. The court stated that the job of the probation officers, in seeing to it that Hennelly did not access child pornography, would be made more difficult if Hennelly had access to adult pornography. This ground is problematic because it would apply to anyone convicted of child pornography, and we have held, under *Eaglin*, that a conviction for child pornography does not, by itself, justify prohibiting access to adult pornography. *See* 913 F.3d at 99–100. On plain error analysis, and given the appropriate reasons the district court gave in this case, we do not believe that the court's alternative reliance on this problematic factor justifies vacatur of the condition imposed.

We have considered Hennelly's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court