23-6346-cr
*United States v. Nash*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-four.

PRESENT:
      JOSEPH F. BIANCO,
      BETH ROBINSON,
      SARAH A. L. MERRIAM,
         *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                     23-6346

JOSEPH NASH,

        *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | Joshua R. Rosenthal, Thomas R. Sutcliffe, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, New York. |
| FOR DEFENDANT-APPELLANT: | Molly K. Corbett, Office of the Federal Public Defender, Albany, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on April 6, 2023, is **VACATED** in part, **AFFIRMED** in part, and **REMANDED** for proceedings consistent with this summary order.

Defendant-Appellant Joseph Nash previously pled guilty to an information charging him with one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2256(8)(A), for which he was sentenced, in 2010, principally to a 120-month term of imprisonment and a life term of supervised release. Between May 2019 and April 2021 the district court revoked Nash's supervised release four times. On October 28, 2022, the United States Probation Office filed an amended revocation petition alleging that Nash had committed five new violations of the conditions of his supervised release. Nash admitted to two of the violations— namely, possessing a controlled substance (*i.e.*, non-prescribed suboxone) and consuming alcohol. The district court dismissed the remaining three alleged violations. The district court revoked Nash's supervision and sentenced him to ten months' imprisonment to be followed by a five-year term of supervised release with several special conditions.

On appeal, Nash challenges the special conditions to the extent that those conditions: (1) prohibit him from having direct contact with minors under the age of eighteen, including his own two-year-old daughter, without prior approval from a probation officer (Special Condition 2); (2) delegate to the Probation Office the authority to restrict Nash to a single internet-capable device (Special Condition 8); (3) ban his access to all sexually explicit material, including adult pornography (Special Condition 11); (4) require him to submit to suspicionless searches of his person or property (Special Conditions 8 and 16); and (5) restrict his internet usage pursuant to the

Computer and Internet Monitoring Program ("CIMP") (Special Condition 10). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm in part, and vacate and remand in part.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special conditions if they are "reasonably related" to: "(A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b)(1); *accord* 18 U.S.C. §§ 3553(a), 3583(d)(1). "[A] condition may be imposed if it is reasonably related to any one or more of the specified factors." *United States v. Abrar*, 58 F.3d 43, 46 (2d Cir. 1995). Further, a special condition must "involve no greater deprivation of liberty than is reasonably necessary" for those purposes, and it must be "consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b)(2); *accord* 18 U.S.C. § 3583(d)(2)–(3); *United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). Thus, a district court's discretion to impose special conditions is not unfettered, and we "will carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (internal quotation marks and citation omitted). Moreover, when determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. If the district court does not provide such an explanation, the condition at issue can be upheld "only if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks and citation omitted). In

3

addition, although "a district court may delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule"—it may not delegate "decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015) (citing *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001)).

As an initial matter, the government concedes that Special Condition 2 should be vacated to the extent it prohibits Nash from having contact with his daughter absent permission from the Probation Office because the district court provided an insufficient explanation to support that particular restriction, *see, e.g.*, *United States v. McGeoch*, 546 F. App'x 44, 48–49 (2d Cir. 2013) (summary order); that a portion of Special Condition 8 should be vacated because it impermissibly delegates to the Probation Office the authority to restrict Nash to a single internet-capable device; and that remand will provide the district court with an opportunity to provide the requisite particularized explanation for those restrictions if it chooses to reimpose them (without the impermissible delegation), *see, e.g.*, *United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2020). We agree. Accordingly, we vacate Special Condition 2 and the portion of Condition 8 that authorizes the Probation Office to limit Nash to possessing one personal internet capable device. If the district court chooses to reimpose these restrictions, it should explain the individualized basis for doing so, and should ensure that any reimposed condition does not impermissibly delegate authority to the Probation Office. Because we vacate for further explanation, we express no view as to whether either or both of these conditions are substantively reasonable and supported by the record. We proceed to address the remaining challenges to the supervised release conditions.

## I. Adult Pornography Ban (Special Condition 11)

4

Nash challenges Special Condition 11, which prohibits him from accessing any sexually explicit materials, "including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs or computer services," App'x at 73, as overbroad, unrelated to his offense, and infringing on his First Amendment rights because it includes legal adult pornography. Because Nash objected to this condition below, we review its imposition for abuse of discretion. *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010).

The "conditional liberty" to which offenders on supervised release are subject "may include, *inter alia*, a prohibition against possession of pornographic matter." *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006); *see also United States v. Cabot*, 325 F.3d 384, 385–86 (2d Cir. 2003) (upholding a special condition prohibiting the possession of pornographic material). However, because a ban on accessing legal pornography implicates fundamental rights under the First Amendment, a special condition of supervised release limiting such access is subject to "a more searching review." *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019) (holding that conditions "prohibiting access to the Internet and to legal adult pornography" are "unusual and severe conditions"). Thus, a reviewing court must examine if the challenged condition is "unusual and severe," if it is "reasonably related to the relevant sentencing factors," and if it "involve[s] a greater deprivation of liberty than is reasonably necessary." *Id*. at 94–95; *see also Carlton*, 442 F.3d at 810 (holding that individuals on supervised release are subject to "conditional liberty" that may include a prohibition on the possession of adult pornography). As part of this analysis, we "routinely reject[] bans on adult pornography as a condition of supervised release where the district court failed adequately to connect the need for that condition to the defendant's likelihood of recidivism or to another sentencing factor." *Eaglin*, 913 F.3d at 99.

On this record, the district court failed to provide sufficient reasoning to support the ban on possession of adult pornography. First, it is unclear from the record the basis on which the district court concluded that, more than a decade after his underlying conviction, Nash's exposure to adult pornography would result in his recidivism. *Compare United States v. Lombardo*, 546 F. App'x 49, 51 (2d Cir. 2013) (summary order) (affirming restriction on sexually explicit materials where district court found that "defendant clearly has a problem with pornography addiction"), *and United States v. Springer*, 684 F. App'x 37, 40 (2d Cir. 2017) (summary order) (affirming such a condition based on defendant's "history of contact sex offenses, with both children and adults," and a five-year old "evaluation from a court-approved mental health provider recommending that [the defendant] be prohibited from accessing any pornographic materials"), *with Eaglin*, 913 F.3d at 100 (ban unsupported where there was no evidence in fifteen years since statutory crimes that defendant was sexually involved with children), *and United States v. Whitaker*, No. 21-1543, 2023 WL 5499363, at *2 (2d Cir. Aug. 25, 2023) (summary order) (noting deficiencies in district court's explanation of reasons when "the record of any sexual involvement by [the defendant] with children in the past fifteen years is blank"). Moreover, although the district court referred to adult pornography interfering with Nash's sex-offender treatment, the district court did not order that Nash participate in such treatment as part of his supervised release, and there is no basis in the record for concluding that viewing adult pornography would interfere with any such future treatment. Finally, to the extent that the district court expressed concern about the "substantial drain of the U.S. Probation Office's resources" if it were to impose a more narrowly tailored restriction that allowed possession of adult pornography, App'x at 73, that is not a sufficient justification to impose the special condition since it could apply in virtually every child

6

pornography case. *See United States v. Hennelly*, No. 21-3080-cr, 2022 WL 17481625, at *2 n.3 (2d Cir. Dec. 7, 2022).

Accordingly, we vacate Special Condition 11 and, if the district court chooses to reimpose a special condition with a ban on adult pornography on remand, it should provide additional grounds for that restriction. Again, because we vacate this condition on the ground that the district court's explanation was insufficient, we express no view as to whether the record could support this condition with appropriate explanation.

## II. Suspicionless Searches of Person, Property, and Computer Equipment (Special Conditions 8 & 16)

Nash also argues that the district court abused its discretion in imposing Special Condition 8, which authorizes "periodic, unannounced examinations of any computer equipment," App'x at 112, and Special Condition 16, subjecting him to suspicionless searches of his "person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or medica [sic]," App'x at 113, because those conditions allow searches without reasonable suspicion in violation of his Fourth Amendment rights and Section 3583(d). Nash's challenge under the Fourth Amendment to the imposition of suspicionless searches by the Probation Office for individuals on supervised release is foreclosed by our recent decision in *United States v. Oliveras*, 96 F.4th 298 (2d Cir. 2024). In *Oliveras*, we held that "a suspicionless search condition for an individual on supervised release is permissible under the Fourth Amendment, when supported by the record, because a supervisee has a diminished expectation of privacy and the effective administration of supervised release by a probation officer presents a special need that permits a degree of impingement upon privacy that would not be constitutional if applied to the public at large." *Id.* at 304 (internal quotation marks and citation

7

omitted). These special needs include "the factors set forth in Section 3583(d)." *Id*. at 311. However, we vacated the special search condition at issue in *Oliveras* because the district court committed procedural error by "fail[ing] to make an individualized assessment to support the imposition of the suspicionless Search Condition as to [the defendant]," *id.* at 314, and remanded "for further consideration of whether it [wa]s necessary to impose the Search Condition in th[at] particular case and, if so, for the district court to explain the individualized basis for imposing the Search Condition," *id.* at 316–17.

On appeal, Nash does not explicitly challenge the district court's reasoning with respect to suspicionless searches of his computer equipment authorized by Special Condition 8. In any event, we conclude that any such challenge was waived at sentencing. *See United States v. Olano*, 507 U.S. 725, 733 (1993) (distinguishing waiver, "the intentional relinquishment or abandonment of a known right," from forfeiture, the failure to timely assert it (internal quotation marks and citation omitted)); see *also United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015) ("Under Fed. R. Crim. P. 52(b), this court has discretion to correct errors that were forfeited because not timely raised in the district court, but no such discretion applies when there has been true waiver.") (emphases omitted). In particular, defense counsel raised an objection to Special Condition 8 during sentencing, but affirmatively told the district court that defendant did not object to that condition generally, but rather, "the only carveout" he was seeking was to allow him "to have a cellphone, including a smart phone." App'x at 94. Counsel expressly asserted that there was no objection to monitoring of the smart phone. Having decided to affirmatively challenge only one aspect of this special condition (presumably for strategic reasons), and having consented to the monitoring condition, Nash is barred by waiver from now challenging the sufficiency of the reasoning that supported the authorization of suspicionless searches of his computer equipment

8

under Special Condition 8. *See Spruill*, 808 F.3d at 597 (finding waiver "where a party actively solicits or agrees to a course of action he later claims was error"); *see also United States v. Overstreet*, No. 21-3034-cr, 2023 WL 4286035, at *1 (2d Cir. June 30, 2023) (summary order) (finding challenge to incorporation of special conditions by reference waived where defendant's counsel stated this approach was "satisfactory").

However, because Nash objected to Special Condition 16, we review the sufficiency of the district court's reasoning for the authorization of suspicionless searches of, *inter alia*, his home and car under that condition. Here, as required by *Oliveras*, the district court made an individualized assessment and explained, *inter alia*, that it was "authorizing searches without reasonable suspicion" because Nash "has a history of possessing unauthorized internet capable devices while on supervised release, with the first instance occurring only 3 days into his term of supervised release." App'x at 75. The district court further explained that Nash "possessed and hid drug paraphernalia during a term of supervised release." *Id*. On this record, the district court did not abuse its discretion in imposing Special Condition 16 for the specific reasons articulated on the record.

### III. Internet Usage (Special Condition 10)

Finally, Nash contends that Special Condition 10, which allows the Probation Office to set specific conditions under the CIMP limiting Nash's internet usage, lacked an individualized assessment, is overbroad, and is an impermissible delegation of authority. Because Nash failed to raise his challenge to Special Condition 10 in the district court, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007).

In support of imposing the CIMP under Special Condition 8 (to which there was no objection) and the internet usage limitations under Special Condition 10, the district court observed

that Nash's initial offense involved acquiring and possessing child pornography from the internet and that he had violated supervised release by using "an unauthorized internet capable device." App'x at 73. Thus, the district court explained that a restriction of his internet access, such as a ban on accessing certain websites, was "necessary in order to reasonably protect the public from further crimes that may be committed by [Nash] and promote [his] rehabilitation." *Id.* Given the nature of Nash's offenses and his history, and the district court's explanation, the district court did not plainly err in imposing the condition.[1] *See United States v. Browder*, 866 F.3d 504, 512 (2d Cir. 2017) (upholding CIMP special condition as "reasonably related to the nature and circumstances of the offense and [defendant's] history and characteristics" (internal quotation marks and citation omitted)); *see also United States v. Rubel*, 823 F. App'x 1, 9-10 (2d Cir. 2020) (summary order) (upholding restriction limiting a defendant's access to Facebook while on supervised release); *United States v. Savastio*, 777 F. App'x 4, 6-7 (2d Cir. 2019) (summary order) ("Properly characterized, the Internet Conditions reflect a computer monitoring requirement that we have previously approved under similar circumstances in [*Browder*]. . . . If a child pornography defendant can be *required* to participate in a computer monitoring program, it follows *a fortiori* that his Internet access can be conditioned on such participation.").

Moreover, the Probation Office's discretion with respect to this condition is appropriately limited to the details of that enforcement, such as setting "a limitation of your daily internet use and/or the ban of certain websites, applications, chat rooms, or other internet activities." App'x at 112. These CIMP provisions, "in the context of the broader monitoring regime ordered by the

---

[1] The district court indicated that the restrictions on internet usage would be imposed "based upon an evaluation of [Nash's] risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a)." App'x at 112. Of course, any monitoring and limitations imposed must be reasonably related to the sentencing factors and involve no greater deprivation of liberty than reasonably necessary. *See* 18 U.S.C. § 3583(d).

court ([and] without objection), [were] properly understood as matters of detail." *Kunz*, 68 F.4th at 766. Thus, Special Condition 10 does not include an impermissible delegation of judicial authority to the Probation Office. *See United States v. Vietor*, 806 F. App'x 60, 63 (2d Cir. 2020) (summary order) ("While the condition at issue here delegates authority to the probation office to select and administer the specific [internet] monitoring program, within the condition's confines, it is the district court, not the probation office, restricting [defendant's] internet access.").

Finally, we emphasize that this special condition is not a total internet ban, which we have rejected in prior cases, *see Eaglin*, 913 F.3d at 96–97; *United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002), and that Nash can raise with the district court any internet restrictions that he views as unreasonable by seeking a modification to the special condition. In sum, we discern no plain error in the district court's imposition of Special Condition 10.

*         *         *

We have considered Nash's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the district court as to Special Conditions 2, 8, and 11, **AFFIRM** the judgment in all other respects, and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11