23-6457-cr
United States v. Gorychka

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand twenty-four.

PRESENT:  ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                      23-6457-cr

PATRICK EDWIN GORYCHKA,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      Darrell Fields, Federal Defenders of New York, New York, NY

FOR APPELLEE:      Marcia S. Cohen, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the case is REMANDED to the District Court for further proceedings consistent with this order.

Patrick Edwin Gorychka appeals from a January 20, 2023 judgment of the United States District Court for the Southern District of New York (Karas, *J.*) convicting him, after a guilty plea, of one count of possessing child pornography, also known as child sexual abuse material ("CSAM"), in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  Gorychka was sentenced principally to 42 months' imprisonment and five years of supervised release.  On appeal, Gorychka challenges the District Court's imposition of three special conditions of

supervised release.  We assume the parties' familiarity with the underlying facts

and the record of prior proceedings, to which we refer only as necessary to

explain our decision.

We review Gorychka's challenge for plain error because he did not object

to these special conditions before the District Court.  *See United States v. Matta*,

777 F.3d 116, 121 (2d Cir. 2015).  We have cautioned that reversal for plain error

"should be used sparingly."  *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir.

2007) (quotation marks omitted).

A sentencing court may impose special conditions that are reasonably

related to the factors listed in U.S.S.G. § 5D1.3(b), so long as, among other things,

the conditions involve no greater deprivation of liberty than is reasonably

necessary.  *See United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005).  When

determining whether to impose a special condition of supervised release, a

district court must "make an individualized assessment" and "state on the

record the reason for imposing it; the failure to do so is error."  *United States v.*

*Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  But even when a district court fails to state

its reasons, as the District Court did here, "we may . . . affirm if the district

court's reasoning is self-evident in the record." *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023) (quotation marks omitted).

### I.  Adult Pornography

Gorychka first challenges the special condition that he may "not view, access, possess and/or download any pornography involving adults unless approved by the sex-offender specific treatment provider."  App'x 98.  He argues that "the record contains no evidence or finding that [the condition] is reasonably related to the goals of sentencing."  Appellant's Br. 14.  We are not persuaded.  The "conditional liberty" to which offenders on supervised release are subject "may include, *inter alia*, a prohibition against possession of pornographic matter."  *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006).  We have affirmed special conditions prohibiting defendants from accessing adult pornography where the record indicated that the restriction was reasonably related to the offense.  *See, e.g., United States v. Springer*, 684 F. App'x 37, 40 (2d Cir. 2017); *United States v. Lombardo*, 546 F. App'x 49, 51 (2d Cir. 2013).

In her psychosexual evaluation, Dr. Jennifer McCarthy discussed the links between Gorychka's use of adult pornography and CSAM.  Dr. McCarthy noted that Gorychka disclosed a long history of viewing and trading adult

pornography. She also noted that Gorychka has "problems with sexual self-regulation" and "deviant sexual interests." Report at 19. Further, Gorychka admitted that he began viewing and trading CSAM and having fantasies about prepubescent and adolescent girls after he found CSAM in online chatrooms devoted to adult pornography. Dr. McCarthy, as well as the Presentence Investigation Report, recommended that Gorychka be prohibited from viewing, accessing, possessing, or downloading any pornographic material, including adult pornography, unless approved by his treatment provider. The District Court adopted this recommendation.

It is thus apparent from the record that the special condition restricting Gorychka's access to adult pornography was reasonably related to the circumstances of his offense, his history and characteristics, and his treatment, among other factors listed in § 5D1.3(b). We find no plain error.

## II. Contact with Minors

We also reject Gorychka's challenge to the condition prohibiting "deliberate contact with any child [(other than his own)] under 18 years of age unless approved by the Probation Office." App'x 100. Gorychka argues that the

basis for the imposition of this condition was not self-evident from the record and that it is overbroad. We disagree.

The record indicates that Gorychka revealed his desire to engage in sexual conduct with minors to two different undercover agents via an online platform. During these conversations, Gorychka made attempts to arrange a meeting with an undercover agent posing as a child trafficker. Given these and other facts on the record, it is apparent that this special condition was reasonably related to the nature and circumstances of Gorychka's offense, and similar to conditions that we have previously upheld. *See, e.g., United States v. MacMillen*, 544 F.3d 71, 75 (2d Cir. 2008)*; United States v. Dupes*, 513 F.3d 338, 342, 344 (2d Cir. 2008); *cf. United States v. Bleau*, 930 F.3d 35, 42–43 (2d Cir. 2019) (holding that the district court plainly erred in imposing, without explanation, a prohibition on contact with minors because the offense conduct did not entail inappropriate contact with minors). In particular, the special condition excludes inadvertent contact with children. For these reasons, we conclude that the condition is not

overbroad.  *See United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006).  The District Court therefore did not plainly err in imposing this special condition.

## III.   Monitoring

Lastly, Gorychka challenges the special condition that his "use of any devices in the course of employment will be subject to monitoring or restriction as permitted by [his] employer."  App'x 100.  Gorychka argues that this condition "would effectively require him to notify prospective employers about his conviction."  Appellant's Br. 23; *see id.* at 26.  The Government acknowledges that the condition may lead to a "conversation between the Probation Office and [Gorychka's] employer" and "would presumably result in the disclosure of Gorychka's supervision . . . ."  Appellee's Br. 30.  We have treated similar employer notification conditions as "occupational restrictions."  U.S.S.G. § 5F1.5; *see United States v. Peterson*, 248 F.3d 79, 85–86 (2d Cir. 2001).  A sentencing court may impose an occupational restriction only if it determines that there is a "reasonably direct relationship" between the defendant's occupation and the defendant's offense conduct, and that the restriction is "reasonably necessary to protect the public because there is reason to believe that, absent such restriction,

the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted."  U.S.S.G. § 5F1.5(a).

It is not "obvious from the record" before us that the monitoring condition satisfies this standard.  *Bleau*, 930 F.3d at 43.  The District Court did not explain its basis for determining that a relationship exists between Gorychka's offense conduct and his work, or that monitoring Gorychka's use of internet-capable devices as part of his employment is reasonably necessary to protect the public. It may be possible, however, for the court to show that the monitoring condition is warranted because of such a nexus between Gorychka's occupation and his criminal conduct.

Accordingly, we remand pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994), so that the District Court may expeditiously provide us with such an explanation, if it exists, or inform us that it is unable to find a specific nexus between Gorychka's occupation and his criminal conduct.  Upon the District Court's provision of a written response, any party may restore the matter to the active docket of this Court by letter without filing a notice of appeal.  If further action is sought from this Court, the matter will be referred to this panel.

## CONCLUSION

We have considered Gorychka's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and the case is REMANDED to the District Court pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court