16-1625-cr
*United States v. Springer*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand seventeen.

PRESENT:    DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*,
            COLLEEN McMAHON,
                        *Chief District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
            *Appellee*,

                                                        16-1625-cr

            v.

FREDERICK J. SPRINGER,
            *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                        Lisa M. Fletcher, Michael D. Gadarian,
                                    Assistant United States Attorneys, *for* Richard
                                    S. Hartunian, United States Attorney for the

---

\*       Chief Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT: Courtenay K. McKeon, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Frederick J. Springer appeals from a judgment of the district court entered May 17, 2016, revoking his supervised release and sentencing him to two years' imprisonment followed by a life term of supervised release. On appeal, Springer challenges only a special condition of his supervised release prohibiting him from viewing, possessing, owning, subscribing to, or purchasing any materials depicting sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Springer was convicted of six sex offenses between 1997 and 2004, the last conviction occurring when he was 25 years old. Five of the offenses involved minor

---

[1] Section 2256(2) defines "sexually explicit conduct" as "actual or simulated -- (i) sexual intercourse . . . ; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2).

victims, and the remaining offense involved a 19-year old.[2] In 2010, Springer pled guilty in this case to failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), and was sentenced to 37 months' imprisonment and a life term of supervised release. Among the conditions of his supervised release was a special condition prohibiting him from "view[ing], possess[ing], own[ing], subscrib[ing] to or purchas[ing] any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)" (the "pornography restriction"). App. at 118. Springer did not challenge the condition.

Since his term of supervision began, Springer has had his supervised release revoked for violations four times. In 2012, Springer admitted to failing to follow the instructions of his probation officer and associating with a convicted felon. He was sentenced to 13 months' imprisonment and a life term of supervised release, including the pornography restriction. In 2014, he admitted to failing to complete a residential reentry placement and comply with the terms of home detention. He was then sentenced to seven months' imprisonment and a life term of supervised release, including the pornography restriction. In 2015, he admitted to viewing pornography and violating his computer monitoring program. He was subsequently sentenced to 33

---

[2]     Springer was also convicted of several non-sex crimes, including passing bad checks and larceny.

3

days' imprisonment and a life term of supervised release, including the pornography restriction.[3]

Most recently, on May 12, 2016, Springer admitted five new violations of the terms of his supervised release -- failure to report to his probation officer, associating with a person convicted of a felony, failure to report for sex offender treatment and a computer voice stress test, failure to report for a drug test, and failure to report to mental health treatment -- and was found guilty of a sixth violation, failure to update his sex offender registration, after an evidentiary hearing. The district court sentenced him to two years' imprisonment and a life term of supervised release, including the pornography restriction.

At sentencing, defense counsel objected to the pornography restriction as overbroad. The district court imposed the condition over Springer's objection, citing, *inter alia*, Springer's prior sex offenses; history of supervised release violations, including viewing pornography and attempting to delete his browsing history; and a 2012 mental health evaluation that recommended Springer be restricted from viewing any pornography. This appeal followed.

Where a defendant challenged a condition of supervised release in the district court, we review the imposition of that condition for abuse of discretion. *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010). Applying this deferential standard, we

---

[3]     Springer's appeal of his sentence arising out of his third violation of supervised release was dismissed as moot after he was sentenced on his fourth violation.

4

conclude that the district court acted within its discretion in imposing the pornography restriction.

A district court may impose special conditions of supervised release that:

(1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for [these] purposes . . . .

U.S.S.G. § 5D1.3(b); *see also* 18 U.S.C. § 3583(d)(1)-(2); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D) (outlining same). Furthermore, the condition must be consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(3); U.S.S.G. § 5D1.3(b).

Springer argues that the pornography restriction is unreasonable because it is not reasonably related to the relevant sentencing factors and represents a greater deprivation of liberty than is reasonably necessary. We hold that the court acted within its discretion in imposing the restriction on the instant record. The "conditional liberty" to which offenders on supervised release are subject "may include, *inter alia*, a prohibition against possession of pornographic matter." *United States v. Carlton,* 442 F.3d 802, 810 (2d Cir. 2006); *see also United States v. Cabot,* 325 F.3d 384, 385-86 (2d Cir. 2003) (upholding a special condition prohibiting the possession of pornographic material). We have specifically upheld restrictions on adult pornography where the

5

record indicated that the restriction was reasonably related to aforementioned sentencing factors, as required by law. *See United States v. Simmons*, 343 F.3d 72, 82-83 (2d Cir. 2003) (finding prohibition on adult pornography reasonable given, *inter alia*, defendant's history of sexual assault involving minors and adults).

Springer argues that the restriction is inappropriate here, where the district court did not hear evidence or make factual findings regarding the connection between the pornography ban and Springer's underlying federal offense or prior crimes, none of which involved pornography. A history of pornography-related offenses or addiction, however, is not required to establish a nexus between a pornography prohibition and the sentencing factors. The district court made clear the reasons it incorporated the pornography restriction into Springer's release conditions. Specifically, the court considered Springer's history of contact sex offenses, with both children and adults, and his history of supervised release violations. The district court also relied on a 2012 evaluation from a court-approved mental health provider recommending that Springer be prohibited from accessing any pornographic materials. Bearing in mind the First Amendment protections that may apply to sexually explicit materials involving adults, *see United States v. X–Citement Video, Inc.*, 513 U.S. 64, 72 (1994), based on the record, we are satisfied that condition was reasonably related to Springer's history of sex offenses, the need for specific and general deterrence and to protect public safety, and Springer's treatment, and that it imposed no greater restraint on Springer's liberty than was reasonably necessary to address the same. *See Simmons*,

6

343 F.3d at 82-83; *see also United States v. Poitra*, 648 F.3d 884, 890 (8th Cir. 2011) (upholding condition prohibiting adult pornography on plain error review where defendant had a history of sexual abuse of children).

We have considered Springer's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk