United States v. Singer

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
PIERRE N. LEVAL,
REENA RAGGI,
Circuit Judges,

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
Appellee,

-v.- 16-2664

JASON SINGER,
Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | EDWARD S. ZAS, Federal Defenders of New York, Inc. |
| **FOR APPELLEE:** | DAVID C. JAMES (Lindsay K. Gerdes, on the brief), for Bridget M. Rohde, Acting |

1

United States Attorney for the Eastern District of New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and **REMANDED**.

Jason Singer appeals from the judgment of the United States District Court for the Eastern District of New York (Hall, J.) imposing various conditions of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We vacate and remand because the parties agree that vacatur is warranted.

In 2015, Singer pleaded guilty to child pornography charges and was sentenced primarily to supervised release. He admitted to violating the conditions of that supervised release and was sentenced to nine months' imprisonment and five years of supervised release, with various special and standard conditions. Singer challenges the imposition of those conditions of supervised release, and the government largely does not oppose his challenge.

First, Singer takes issue with two of the district court's special conditions of supervised release: that he

2

refrain from electronically accessing pornography of any kind (including of adults), and that he refrain from electronically accessing any "images of naked children," even if non-pornographic.  App'x at 148.  Courts may impose special conditions of supervised release when they are "reasonably related" to sentencing objectives, United States v. Reeves, 591 F.3d 77, 80 (2d Cir. 2010), but they must explain why they are doing so on the record unless the connection is "self-evident."  United States v. Balon, 384 F.3d 38, 41 n.1 (2d Cir. 2004).  The failure to explicitly articulate a nexus between the same special conditions and the sentencing objectives can be plain error.  See United States v. Brown, 653 F. App'x 50, 52 (2d Cir. 2016) (summary order).  While Brown is non-binding, the government concedes that this case is indistinguishable from Brown and that we should vacate the special conditions.

Second, Singer challenges nine of the standard conditions of supervised release because the district court failed to explain why it was imposing them and because he argues that they are vague and unnecessary.  While we do not necessarily agree that Singer's challenges have merit--and indeed, a district court need not explain its reasoning when imposing standard conditions, United States v. Truscello, 168 F.3d 61, 63 (2d Cir. 1999)--new, clarifying amendments

to the relevant Sentencing Guidelines were released after Singer was sentenced. Because we are already remanding the case to the district court over the two special conditions, the government accedes to our allowing the district court on remand to reconsider these provisions in light of subsequent amendments to the Guidelines. We therefore authorize the district court to reconsider the standard conditions upon reimposition of the sentence.

Third, Singer objects to the special condition prohibiting him from associating with minors without prior approval by the Probation Department. No explanation of that condition was offered. The government took no position on that condition, so--again without deciding whether his objection has merit--we vacate that condition as well.

For the foregoing reasons, we hereby **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK