*United States v. LaVancher*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> DENNY CHIN,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                22-1709

LARRY R. LAVANCHER,

> *Defendant-Appellant*.

---

For Appellee:                      RAJIT S. DOSANJH, Assistant United States Attorney *for* Carla B. Freedman, United States Attorney, Northern District of New York, Syracuse, NY.


For Defendant-Appellant:     MELISSA A. TUOHEY, Assistant Federal Public Defender *for* Lisa A. Peebles, Federal Public Defender, Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REMANDED** in part for resentencing.

Defendant-Appellant Larry R. LaVancher ("LaVancher") appeals from a July 28, 2022 judgment of the United States District Court for the Northern District of New York. The district court sentenced LaVancher to six months of incarceration, to be followed by a lifetime of supervision by the United States Probation Office ("Probation"), for committing multiple violations of supervised release conditions while on release after a term of imprisonment for transporting child pornography. The judgment on appeal reimposed several conditions that have, since 2016, limited LaVancher's access to the internet and prohibited him from accessing sexually explicit materials. LaVancher argues principally that the district court failed to justify its reimposition of these conditions; impermissibly delegated its sentencing authority to Probation; and contravened due process by making the conditions too vague to understand. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

At the start, we address the standard of review. "Under 18 U.S.C. § 3583(d), the imposition of certain conditions of supervised release is mandatory, but '[d]istrict courts also have discretion to impose other, non-mandatory conditions of supervised release,' which are commonly referred to as 'special conditions.'" *United States v. Browder*, 866 F.3d 504, 510 (2d Cir. 2017) (citing *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010)). As a sentencing decision, the imposition of special conditions receives review "for procedural and substantive reasonableness,"

2

*United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019), "a particularly deferential form of abuse-of-discretion review," *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008). "'When a challenge to a condition of supervised release presents an issue of law, we review . . . *de novo*, bearing in mind that any error of law necessarily constitutes an abuse of discretion.'" *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020) (quoting *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008)).

The Special Conditions at issue in this case fall into two categories: internet restrictions and a sexually-explicit materials ban. In the internet restriction category, Special Condition #8 provides that LaVancher's "internet use must be limited and/or restricted under conditions to be set by the U.S. Probation Office in accordance with their Computer and Internet Monitoring Program. Such internet restriction may include a limitation of [his] daily internet use and/or the ban of certain websites, applications, chat rooms, or other internet activities as determined by the U.S. Probation Office. These determinations will be based upon an evaluation of [his] risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a)." App'x 56. Relatedly, the final sentence of Special Condition #6 states that LaVancher "may be limited to possessing one personal internet capable device to facilitate the U.S. Probation Office's ability to effectively monitor [his] internet related activities." *Id.*

As for the pornography ban, Special Condition #7 states that "while in treatment and for the remainder of the term of supervision following completion of treatment, [LaVancher] must not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)." *Id.*

### A. Internet Use Restrictions

#### 1. Access to "Certain Websites"

We first consider LaVancher's challenge to the procedural and substantive reasonableness of Special Condition #8, which, *inter alia*, delegates to the Probation Office authority to limit LaVancher's access to "certain websites." "For a sentence to be procedurally reasonable, a District Court must 'make an individualized assessment when determining whether to impose a special condition of supervised release, and . . . state on the record the reason for imposing it.'" *Eaglin*, 913 F.3d at 94 (quoting *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018)). "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is 'self-evident in the record.'" *Betts*, 886 F.3d at 202 (quoting *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004)). For a sentence to be substantively reasonable, it must not be "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

As to procedural reasonableness, the district court below failed to conduct the individualized assessment we require. However, there is a self-evident rationale in the record for imposing Special Condition #8. LaVancher's original offense involved contacting someone he believed to be an adult woman (who was, in fact, an undercover police officer) through a sexual fetish website, then sending child pornography to that person in an attempt to encourage sexual abuse between her and her "child." Since being released from prison, he has repeatedly violated his supervised release conditions by using the internet to seek out and engage in sexually explicit communications with adult women. On one occasion, he used the internet to solicit sexually explicit images of a woman's 19-year-old daughter. Given that LaVancher's original offense also occurred online, it

is therefore self-evident that limiting LaVancher's access to certain websites would serve "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(C). This condition is also substantively reasonable, being functionally equivalent to the computer monitoring requirement that we approved under similar circumstances in *United States v. Browder*, 866 F.3d 504 (2d Cir. 2017). *See also United States v. Savastio*, 777 F. App'x 4, 6 (2d Cir. 2019) (summary order). Allowing it to stand would not "damage the administration of justice," *Rigas*, 583 F.3d at 123, so its imposition was not an abuse of discretion.

As to the delegation question, we recently examined Computer and Internet Monitoring Program ("CIMP") provisions "that permit certain computer activity only with Probation's approval" and concluded that "in the context of the broader monitoring regime ordered by the court," the provisions were "properly understood as matters of detail." *United States v. Kunz*, 68 F.4th 748, 766 (2023). Applied here, our analysis in *Kunz* supports upholding the district court's delegation to Probation of the authority to place appropriate restrictions on LaVancher's internet use. Probation may only prohibit accessing certain websites, applications, chat rooms, and other internet activities based upon an evaluation of LaVancher's risk and needs, as well as a consideration of the factors outlined in 18 U.S.C. §3553(a). Because we have already upheld CIMP's provision as to this authority, it follows that Special Condition #8 is "properly understood as [a] matter[] of detail." *Id*.

As to LaVancher's vagueness challenge, Special Condition #8 puts LaVancher on notice that his internet use may be limited and that he may be prohibited from accessing certain websites. He contends that the condition is overly vague because its language leaves him guessing as to what sites will be prohibited. But due process does not require supervised release conditions to include every detail of a monitoring program or "'describe every possible permutation.'" *MacMillen*,

544 F.3d at 76 (quoting *United States v. Johnson*, 446 F.3d 272, 280 (2d Cir. 2006)). And La-Vancher's concerns that Probation may impose new restrictions, prohibiting him from visiting a new category of websites, is speculative and therefore not yet ripe for review. Finally, La-Vancher "has recourse to . . .the district court if he disagrees with Probation's application" of this condition. *See United States v. Rubel*, 823 F. App'x 1, 7-8 (2d Cir. 2020) (summary order); *see also United States v. Leone*, 813 F. App'x 665, 669 (2d Cir. 2020) (summary order) ("[A] vague-ness challenge is unripe where '[t]he district court retains the discretion to remedy a potential ambiguity in the language of a special condition.'") (quoting *United States v. Burdick*, 789 F. App'x 886, 888-89 (2d Cir. 2019)).

## 2. Access to Internet-Capable Devices

The final sentence in Special Condition #6 grants Probation an authority over LaVancher that only a court may exercise. As this Court recently held, limiting an individual on supervised release to one internet-capable device poses "a significant burden on his liberty and therefore would need to be imposed by the court and justified by particularized on-the-record findings." *Kunz*, 68 F.4th at 767. For that reason, "any special condition granting Probation discretion to decide whether or not to restrict a supervisee to a single internet-connected device would constitute an impermissible delegation of the court's judicial authority." *Id.* (citing *United States v. Matta*, 777 F.3d 116, 122-23 (2d Cir. 2015)). At oral argument, the Government conceded that the above holding from *Kunz* requires a remand in this case. There being no dispute as to the need for remand regarding this portion of Special Condition #6, we remand to the district court directing it to vacate Special Condition #6 to the extent that it delegates to probation the decision whether to

6

limit LaVancher to one internet-capable device. The district court may then determine for itself whether this limitation should be imposed based on appropriate on-the-record findings.[1]

### B. Access to Sexually Explicit Material

Finally, we consider for abuse of discretion LaVancher's challenge to the reasonableness of Special Condition #7, which prohibits him from accessing sexually explicit material.

"[N]onobscene, sexually explicit materials involving persons over the age of 17 are protected by the First Amendment," *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 72 (1994), but access to such material "may be regulated in the hands of parolees," *Farrell v. Burke*, 449 F.3d 470, 497 (2d Cir. 2006). "[A] condition prohibiting access to adult pornography must be reasonably related to the enumerated statutory factors and must impose no greater deprivation of liberty than reasonably necessary." *Eaglin*, 913 F.3d at 99 (citing *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003)). As a result, "we have routinely rejected bans on possession of adult pornography as a condition of supervised release where the district court failed adequately to connect the need for that condition to the defendant's likelihood of recidivism or to another sentencing factor." *Id.* (citing *United States v. Brown*, 653 F. App'x 50, 52 (2d Cir. 2016) (summary order) and *United States v. Singer*, 693 F. App'x 47, 48 (2d Cir. 2017) (summary order)). *See also United States v. Frink*, 849 F. App'x 312, 319 (2d Cir. 2021), *as amended* (Mar. 31, 2021) (summary order) ("[W]e have emphasized that [a] Special Condition [], which includes a ban on adult pornography, should not be applied automatically to any supervised release term for a defendant convicted of a sex offense." (citing *Eaglin*, 913 F.3d at 100)).

---

[1] Because we direct the relevant portion of Special Condition #6 to be vacated on delegation grounds, we do not reach LaVancher's other challenges to the imposition of this condition.

The district court below did not undertake the particularized factfinding necessary to demonstrate the reasonableness of a total ban on access to sexually explicit material.[2]   Given the lack of specific justification for the condition, we may only affirm its imposition if we determine that the district court's reasoning is self-evident in the record.   The Government contends that permitting LaVancher to access any adult pornography creates a risk of him returning to his past conduct involving child pornography, citing as support the record evidence of his repeated efforts to engage with others on sexually explicit websites.   We agree that these efforts provide self-evident support for restrictions on and monitoring of his internet activity.   But we are not persuaded that, without more, it is self-evident on this record that LaVancher's online activities justify a complete ban on non-internet material such as "magazines [and] books."

To be sure, "[w]e have no doubt that in the appropriate circumstance a court, on the recommendation of the Probation Department, could require a defendant" to abstain from accessing any manner of sexually explicit material.   *Reeves*, 591 F.3d at 82.   We have affirmed such bans where courts conducted the necessary factfinding to make imposing them reasonable.   *See, e.g.*, *United States v. Lombardo*, 546 F. App'x 49, 51-52 (2d Cir. 2013) (summary order); *United States v. Savastio*, 777 F. App'x 4, 7-8 (2d Cir. 2019) (summary order).   We have also affirmed them in cases where a stronger nexus between the ban and the sentencing objectives of 18 U.S.C. § 3553(a) was self-evident in the record.   *See, e.g.*, *Simmons*, 343 F.3d at 82-83; *United States v. Springer*, 684 F. App'x 37, 40 (2d Cir. 2017) (summary order).   In both those latter cases, for example, the record showed that the defendant had committed sex crimes against adults as well as minors.

---

[2]  The district court imposed all of the Special Conditions on appeal based on "the nature [of] the instant offense, your conviction as a sex offender, and my previous attempts to get you into and maintain compliance."   App'x 50.   The court also noted that the conditions are "substantially similar to the condition[s] imposed at the time of your original sentencings."   *Id.*

8

*Simmons*, 343 F.3d at 82; *Springer*, 684 F. App'x at 40.   And in *Springer*, the Court's decision was also supported by a mental health provider's recommendation that the defendant be prohibited from accessing any kind of pornography.   *Id.*

The record here lacks such evidence.   Given the mismatch between the ban's broad scope and the narrower, internet-specific scope of LaVancher's criminal and violative conduct, we at present conclude that there is "inadequate support [here] for the proposition that a [lifelong] deprivation of access to constitutionally permissible material is reasonably necessary to protect the public or meet the other sentencing goals of 18 U.S.C. § 3553(a)."   *Eaglin*, 913 F.3d at 100.   We therefore remand, directing the district court to vacate Special Condition #7 and to determine whether to reimpose this or a narrower ban based on specific factfinding.   *See, e.g.*, *Frink*, 849 F. App'x at 319 ("Upon remand, the district court should either articulate individualized reasons for imposing [Special Condition #7] or remove [it].").

\*     \*     \*

We have considered LaVancher's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court with respect to Special Condition #8, and we **REMAND** as to the relevant section of Special Condition #6 and Special Condition #7 with instructions to vacate these conditions and to resentence LaVancher consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9